■ In the Matter of ELLEN KORT, Respondent, v. PAUL C. INGRASCI et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding claimant compensation for total and partial disability due to an accidental back injury sustained on October 30, 1970. The claimant, a registered nurse working for a practicing dentist and oral surgeon, asserts that on October 30, 1970, immediately after completion of surgery upon a patient under general anesthesia and while carrying a tray of used instruments to a sink, she felt a sharp pain in her back and right buttock. Claimant, despite continuing pain for which she self-medicated herself, continued working until November 16, 1970 when she could make an appointment with an orthopedist, Dr. McKeen. Dr. McKeen ordered her to complete bed rest and claimant did not return to work until November 30, 1970. Upon the day she returned to work during the course of another surgical operation, claimant experienced another severe pain in her back and that afternoon was hospitalized by Dr. McKeen. Dr. McKeen diagnosed the cause of her pain as a lumbo-sacral disc injury and she was not able to return to work until April, 1971 and then was limited to work that did not require lifting, bending or stooping. A majority of the board found that claimant, in standing over patients in a bent position and when necessary physically restraining them as they were under anesthesia, sustained " an accidental injury to her back which arose out of and in the course of her employment." There is clearly medical evidence in the record to support this decision. Appellants assert, however, that the board's decision must be reversed because the board premised its decision upon the tray-carrying incident which they claim cannot be an accident as a matter of law. It is true in its amended decision the board mentions the tray-carrying incident whereas it did not in its original decision, but it is also abundantly clear from reading the board's decision that it was not premised on this incident. The board did not find that the tray-carrying caused the pain but rather the strain caused by repeated bending and other physical movements required in claimant's performance of her duties in assisting the employer in his surgical procedures. The board in referring to the tray-carrying incident was just pinpointing the observable onset of claimant's back difficulty. The board's finding of an accident is thus clearly supported by the record (*Matter of Pessel* v. *Macy & Co.*, 40 A D 2d 746, affd. 33 N Y 2d 721; *Matter of Greensmith* v. *Franklin Nat. Bank*, 21 A D 2d 576, affd. 16 N Y 2d 973). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.